CURTIS HENRY BROWN,

                Petitioner,

    v.                                             Case No. 26-cv-0385-bhl

CAMERON KLUMP, et al.,

                Respondents.

## ORDER

On March 10, 2026, Petitioner Curtis Henry Brown filed a *pro se* petition pursuant to 28 U.S.C. §2254. (ECF No 1.) Under Rule 4 of the Rules Governing §2254 cases, this Court must screen the petition and exhibits to determine whether the petitioner has alleged that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The Court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies, and avoided procedural default. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. §2244(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner must either return to state court to exhaust the claim or amend his petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

The Court's ability to screen Brown's petition is hindered by his failure to set forth his claims in an understandable way using the Court's required form. Under this Court's Civil Local Rule 9(a), "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. § 2254 . . . must file their . . . petition . . . with the Clerk of Court using forms available from the

Court." There is a reason for this rule. The Court's form guides and directs a petitioner to provide the information that the Court needs to evaluate the request for habeas relief and determine whether the petitioner qualifies for that relief. In this case, Brown did not use the Court's form and therefore his claims are difficult to decipher. The petition is also not signed "under penalty of perjury" as required by the Rules. *See* Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Court. In addition, it is not clear when Brown sought direct review of his claims by Wisconsin's appellate courts. At this point, the Court cannot properly screen his petition and will therefore take no further action unless and until Brown files an amended petition using the Court's form. The Court will allow him until **April 20, 2026,** to do so.

Accordingly, if Brown wishes to continue with this *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form, a copy of which the Court directs the Clerk to include with this order. The Clerk is also directed to provide petitioner with the instructions for completing the form and a copy of "Habeas Corpus: Answers to State Petitioners' Common Questions." If Brown decides to complete the form, he must write the word "Amended" in the middle of the first page of the form, in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody" and complete all sections of the form petition. In particular, he should be careful to include the case number—26-cv-0385—in the space next to the words "Docket No." on the first page. If he is incarcerated, he must identify the institution where he is incarcerated and list as the "Respondent" the warden or superintendent or other official who has custody of him. If he is on parole or supervised release, the proposed respondent is the government official with direct supervisory authority. If the petitioner is not in custody, he must list his current address and phone number. The amended petition must be filed no later than the date set forth below.

Accordingly,

**IT IS ORDERED** that if the petitioner wishes to proceed with this case, the petitioner must file by **April 20, 2026**, an amended petition on the form the Court is providing with this

Order. If the Court does not receive the amended petition on this Court's form by **April 20, 2026**, the Court will dismiss the petition on the next business day without further notice or hearing.

Dated at Milwaukee, Wisconsin on March 20, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge