CURTIS HENRY BROWN,

                  Petitioner,

    v.                                                     Case No. 26-cv-0385-bhl

JARED HOY, SECRETARY OF THE
WISCONSIN DEPARTMENT OF CORRECTIONS,

                  Respondent.[1]

## SCREENING ORDER AND DISMISSAL

On March 10, 2026, Petitioner Curtis Henry Brown, a state prisoner currently on active community supervision, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), and paid the $5.00 filing fee. Because Brown did not use the Court's required local form, on March 20, 2026, the Court delayed screening his claims and gave him until April 20, 2026 to file an amended petition using the local form. (ECF No. 5.) After an extension, Brown complied by filing an amended petition on the local form. (ECF No. 11.) The amended petition is now ready for screening.

Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen Brown's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable

---

[1] Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the correct respondent is the state officer who holds the petitioner in custody. Because the petitioner is on active community supervision, the correct respondent is Jared Hoy, Secretary of the Wisconsin Department of Corrections.

constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## BACKGROUND

On November 22, 2018, a Marquette County Sheriff's Office deputy was dispatched to a stretch of rural county highway in response to a report of a motor vehicle crash.[2] *See State v. Brown*, No. 2023AP897-CR, 2024 WL 4902509 (Wis. Ct. App. Nov. 27, 2024). The deputy encountered Brown walking along the road in close proximity to the reported crash and as he slowed his vehicle, Brown voluntarily approached the squad car. *Id.* ¶4. While the deputy was repositioning his vehicle, he observed Brown throw cans into the roadside ditch. *Id.* The deputy exited the car and as he began talking with Brown saw him remove two more cans from his pocket and throw them into the ditch. *Id.* The deputy ordered Brown to place his hands on the front of the squad car and handcuffed him. *Id.* During the handcuffing, Brown told the deputy that he had thrown cans of beer into the ditch because he did not want the deputy to find them on him. *Id.* ¶5. The deputy later testified that he had handcuffed Brown for safety reasons given that he was "wearing large, bulky hunting clothes" and the deputy did not know if he had weapons and due to Brown's "actions." *Id.* ¶6.

The deputy searched Brown, had him get into the back of the squad car, retrieved the unopened cans of beer that Brown had thrown into the ditch, and drove down the road to the crash site. *Id.* ¶7. While at the crash site, the deputy learned through dispatch that Brown had eight prior operating while intoxicated (OWI) convictions and was subject to a .02 blood-alcohol-concentration (BAC) restriction. *Id.* The deputy drove Brown to the sheriff's office to conduct field sobriety testing and administer a preliminary breath test. *Id.* The deputy placed Brown under arrest after the results of the preliminary breath test revealed a BAC of .135. *Id.* The deputy subsequently obtained a warrant for a blood draw, which revealed a BAC of .121. *Id.*

The State of Wisconsin charged Brown with OWI and operating a motor vehicle with a prohibited alcohol concentration, both as seventh, eighth, or ninth offenses, obstructing an officer, and operating a motor vehicle while revoked. *Id.* ¶2. After a hearing, the circuit court denied

---

[2] According to the appellate court decision, the facts are taken from the deputy's testimony at the suppression hearing and the dashboard camera video and were not disputed on appeal. *See State v. Brown*, No. 2023AP897-CR, 2024 WL 4902509, ¶3 (Wis. Ct. App. Nov. 27, 2024).

Brown's multiple motions to suppress evidence. *Id.* Brown then pleaded no contest to OWI as a ninth offense and a judgment of conviction was entered. *Id.* ¶9.

On appeal, Brown argued that he was arrested when he was handcuffed and that the arrest was unlawful because it was not supported by probable cause. *Id.* ¶10. The Wisconsin Court of Appeals affirmed Brown's conviction on November 27, 2024. *Id.* ¶23; (ECF No. 11 at 3.) Brown petitioned the Wisconsin Supreme Court for review, but his petition was denied on March 13, 2025. (ECF No. 11 at 3.) Brown states he has not pursued any additional post-conviction motion relief. (*Id.* at 4.) On March 10, 2026, Brown filed this petition. (ECF No. 1.)

## ANALYSIS

Brown's ability to pursue habeas relief is severely limited by his entry of a no contest plea. "It is well established that an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered. A plea of no contest invokes the same waiver principle." *Gomez v. Berge*, 434 F.3d 940, 942–43 (7th Cir. 2006) (citations omitted); s*ee also United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005) ("By pleading guilty a defendant normally surrenders an opportunity to contest the merits, waiving (not just forfeiting) all arguments that could have been raised earlier."). Because Brown pleaded no contest, his habeas claims are limited to attacks on the state court's jurisdiction and the voluntariness of his plea. *United States v. Broce*, 488 U.S. 563, 574 (1989). Brown's petition asserts nine grounds for habeas relief, but none challenge the state court's jurisdiction or the voluntariness of his no contest plea. Accordingly, his habeas petition must be denied at screening. *See Gomez*, 434 F.3d at 943 (affirming the district court's dismissal of habeas petition where petitioner's plea of no contest waived claims). Moreover, no contest plea aside, Brown's claims also fail because they are all either non-cognizable on federal habeas review or procedurally barred.

Brown's first ground is not cognizable on habeas. Brown claims he was arrested without probable cause during an initial contact with a Marquette County Sheriff's Department deputy. (ECF No. 11 at 6.) Under the United States Supreme Court's ruling in *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal district court cannot grant a habeas petition based on a Fourth Amendment violation, such as an arrest without probable cause, if the state court provided the petitioner with "an opportunity for full and fair litigation of a Fourth Amendment claim." The record confirms that prior to pleading no contest, Brown moved to suppress evidence, was given

an evidentiary hearing, after which the trial court denied his motion and its ruling was upheld on appeal. In these circumstances, federal habeas review of his arrest and search are barred. *See Stone*, 428 U.S. at 494-95; s*ee Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[A] Fourth Amendment claim ordinarily may not be raised in a habeas proceeding following a plea of guilty [because] the claim is irrelevant to the constitutional validity of the conviction."); *Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983) ("An illegal arrest . . . is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings.") (citations omitted).

Grounds two through seven in Brown's petition are barred because they were never raised to the Wisconsin Court of Appeals and are therefore unexhausted and procedurally barred. *See State v. Escalona-Naranjo*, 517 N.W.2d 157, 164 (1994) (a defendant may not bring a constitutional claim in a Wis. Stat. §974.06 motion if that claim "could have been raised on direct appeal."). *Escalona-Naranjo* bars claims that could have been raised in a prior postconviction motion or on direct appeal unless a sufficient reason for failing to raise the issue is presented. *Id.* at 163–64. In ground two, Brown claims his Fifth Amendment rights were violated when he was asked questions designed to elicit incriminating responses during a "custodial interrogation" and was not warned at any time of his right to remain silent. (ECF No. 11 at 7.) In ground three, Brown claims "police misconduct and perjury" and asserts the deputy falsely claimed Brown admitted to driving in order to illegally procure a blood draw warrant. (*Id.* at 8.) In grounds four and five, Brown claims "prosecutorial misconduct" contending that the prosecution continued to prosecute a charge knowing that it was not supported by probable cause. (*Id.* at 9–10). In grounds six and seven, Brown claims judicial misconduct arguing that the circuit court judge acted with "intentional prejudice" against Brown. (*Id.* at 11–13.) These claims are procedurally barred.

Brown's grounds eight and nine do not assert claims that are cognizable in federal court even if they had been exhausted. In ground eight, Brown claims that the blood draw was taken beyond the three-hour statutory time limit in violation of Wisconsin law. (*Id.* at 13.) Questions of state law cannot form the basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). In ground nine, Brown argues a failure to provide a prompt 48-hour judicial determination of probable cause. (ECF No. 11 at 14.) This claim is also not cognizable as a §2254 habeas claim to overturn a state court conviction as these alleged violations do not challenge the validity of Brown's conviction

and arise from the Fourth Amendment. *See Gerstein v. Pugh*, 420 U.S. 103 (1975); *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

In conclusion, Brown's no contest plea precludes this Court from considering the issues he attempts to raise in this case. Moreover, his claims are also either non-cognizable or procedurally barred. Accordingly, this Court will dismiss his application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Under Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). The Court concludes that Brown has failed to make a substantial showing of a denial of a constitutional right. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

Accordingly,

**IT IS ORDERED** that Petitioner Curtis Henry Brown's petition for a writ of habeas corpus under 28 U.S.C. §2254 is **DENIED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

The Clerk of Court is to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 5, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge